OA BUSINESS PUBLICATIONS, INC.,
Plaintiff-Appellant,

v.

DAVIDSON PUBLISHING COMPANY,
Defendant-Appellee.

No. 14439.

United States Court of Appeals
Seventh Circuit.
June 29, 1964.

———◆———

Thomas E. Dorn, Chicago, Ill., Wallace, Kinzer & Dorn, Chicago, Ill., of counsel, for appellant.

A. Bradley Eben, Maurice S. Weigle, Chicago, Ill., Goldberg, Weigle, Mallin & Rivkin, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

The plaintiff, OA Business Publications, Inc., brought action against defendant, Davidson Publishing Company, in the United States District Court for copyright infringement, unfair competition and trademark disparagement.

Plaintiff and defendant publish competitive trade periodicals during the year and a daily newspaper (one single edition per day) during the annual convention of the National Stationers and Office Equipment Association.

On or about July 20, 1961, defendant issued the accused brochure for use in soliciting advertising for the 1961 convention daily. This brochure was entitled "What Kind of an Editor are You" and included a photographic reproduction in reduced size of pages two and three of the September 26, 1960 issue of plaintiff's and defendant's convention newspapers inviting comparison and addressing to the prospective advertiser a list of questions such as: "Which one carries more pictures?" and "Which one carries more on-the-spot convention news?" Plaintiff characterizes these questions as unfair, misleading and actionable disparagement of plaintiff's newspaper.

The September 26, 1960 issue of plaintiff's newspaper from which pages two

and three were copied bore a notice on page three thereof in a boxed-off section at the left of center, in the lower portion of the page as follows:

---

DAILY OFFICE APPLIANCES
published by
THE OFFICE APPLIANCE COMPANY

Editor-in-Chief: Walter S. Lennartson.
Editor: Clarence O. Schlaver.
Managing Editor: Carroll Cihlar.
Eastern Editor: Thom Grant.
Assistant Editor: Claudette Ruffino.
Editorial Assistant: Genevieve Calomino.
Art Director: Leonard Schimek.
Production Manager: Mary Haley.
Circulation Manager: William Kennefick.

---

Publisher: John A. Gilbert.
Assistant Publisher: Charles W. Gilbert.

Published Saturday, Sunday, Monday, Tuesday, Wednesday, Sept. 24, 25, 26, 27 and 28 during the National Stationery & Office Equipment Association Convention and Exhibit, Conrad Hilton Hotel, Chicago. Copyright: Contents covered by Copyright 1960 by the Office Appliance Co.

---

On or about October 4, 1960, plaintiff had filed a claim for registration of copyright for the September 26, 1960 issue with the Register of Copyrights and received Certificate of Registration No. 860591, Class B, which states the title as:

"DAILY OFFICE APPLIANCES" NSOEA Convention Edition

According to the agreed statement of facts:

The top of the front page of the Plaintiff's newspaper carries, in large and prominent type, the designation, "Daily Office Appliances" directly followed by the further designation, below and in much smaller type, "NSOEA Convention Edition." Succeeding pages of the newspaper published by the Plaintiff carry at the top only the designation "Daily Office Appliances".

The wording "DAILY OFFICE APPLIANCES NSOEA Convention Edition" is set out in black and white on a red background and immediately precedes the date of publication, name of publisher, volume and number of issue. The text begins on this front page. No notice of copyright is set out on this page.

By stipulation, the issue of liability was tried separately. Both plaintiff and defendant moved for summary judgment which was denied. The parties agreed to submit the case to the District Court on an agreed statement of facts, the exhibits, and briefs theretofore submitted with the respective motions for summary judgment. The District Court found for the defendant and this appeal followed.

The District Judge's findings of fact and conclusions of law are to the general effect that placement of plaintiff's copyright notice did not comply with the requirements of Title 17, U.S.C. § 20, and that the contents of defendant's accused brochure did not constitute unfair competition or trade disparagement.

The parties agree that 17 U.S.C. § 20 permits the copyright notice to be located on the title page, on the first page of text, or under the title heading. Plaintiff contends that "title heading" means the "masthead" and does not require the repetition of the full title on each page. In any event, plaintiff argues that the title of the plaintiff's newspaper was "DAILY OFFICE APPLIANCES" and that the District Court erred in finding it to be "DAILY OFFICE APPLIANCES NSOEA Convention Edition."

Plaintiff's position is that its page three was its title page and that the copyright notice there constituted full compliance with the statute. We cannot agree.

According to the Certificate the correct and full title of the publication was:

"DAILY OFFICE APPLIANCES" NSOEA Convention Edition

That appears only on the first page which carried no copyright notice. The purported masthead on page three carries only part of the registered title and no volume or number of issue.

Nor can we agree with plaintiff that the questions set forth in the defendant's accused brochure, even though obviously designed to elicit answers favorable to defendant's publication, constituted any false statement, or any malicious statement made with fraudulent intent.

In American Insurance Co. v. France, 111 Ill.App. 382 (1903) on which plaintiff relies, the defendant falsely and knowingly misrepresented to American Insurance policy holders that American Insurance had gone out of the farm insurance business, intending to induce the policy holders to cancel their American Insurance policies, and thus putting American Insurance to the expense and effort of correcting the false statements in order to maintain and reinstate its various policies. Nothing like that has occurred here.

Plaintiff argues that a false imputation has been made. Perhaps, as plaintiff argues, pages two and three, selected for comparison by defendant, were not typical of the forty-odd pages contained in the whole of plaintiff's publication. Defendant did not say that they were. Defendant merely contrasted these with its own pages two and three, both samples being reproduced in the same fashion. If a prospective advertiser had special interest in the first few pages of a publication, the difference in layout policy might in fact be a legitimate selling point for the defendant to stress. We must agree with the finding of the District Court that:

"The Defendant's brochure contained no misstatements of fact nor any false disparagement with respect to plaintiff's newspaper."

Plaintiff contends that the nature of the proof releases this Court from the usual limitations concerning findings of fact which are not clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure. However, even if we view the agreed facts and the documentary exhibits de novo, we are constrained to agree with the conclusions of the District Judge. The judgment of the District Court is affirmed.

Affirmed.