**ELECTRONIC PUBLISHING CO., Inc.,**
**Plaintiff-Appellant,**

v.

**ZALYTRON TUBE CORP. et al.,**
**Defendants-Appellees.**

**No. 349, Docket 30916.**

United States Court of Appeals
Second Circuit.

Argued March 21, 1967.

Decided May 4, 1967.

Norman Lettvin, Chicago, Ill. (Marvin Soffen, Ostrolenk, Faber, Gerb & Soffen, New York City, George P. McAndrews, Bair, Freeman & Molinare, Chicago, Ill., on the brief), for appellant.

Mercer L. Stockell, New York City (W. Hubert Plummer, Rogers, Hoge & Hills, New York City, on the brief), for appellees.

Before MOORE and HAYS, Circuit Judges, and ZAVATT, District Judge.*

HAYS, Circuit Judge:

Electronic Publishing Co., Inc., appeals from a judgment for defendant on a claim for damages for copyright infringement. We find no error and therefore affirm the judgment.

Electronic Publishing is engaged in the business of publishing trade catalogues. Arrow Electronics, Inc. is a distributor of electronic parts. It purchases these parts from various manufacturers and sells them to retail outlets. In connection with its distribution function Arrow commissioned Electronic Publishing to prepare a catalogue for the parts which Arrow has available for sale. Electronic Publishing in turn secured material from the manufacturers who supply Arrow. This material consisting of the manufacturers' advertisements of their products was then, after some additional revision, included in the catalogue which Electronic Publishing prepared for Arrow. Electronic Publishing registered its claim to copyright in the catalogue prepared for Arrow.

* Chief Judge of the Eastern District of New York, sitting by designation.

Defendant Zalytron Tube Corporation sells electronic parts by mail order and publishes a retail mail order catalogue which lists the products it has available for sale. Some of these products are purchased from Arrow. In preparing its mail order catalogues Zalytron admittedly copied the manufacturers' advertisements which appeared in the catalogue prepared for Arrow by Electronic Publishing. This copying is the basis for Electronic Publishing's claim of copyright infringement.

In Brattleboro Publishing Co. v. Winmill Publishing Corporation, 369 F.2d 565 (2d Cir. 1966), we held that where advertisements previously published in a copyrighted newspaper were published subsequently in another newspaper, the second newspaper did not infringe the first newspaper's copyright because the right to the copyright on the advertisements was in the advertisers who commissioned the publication of the advertisements. We believe that *Brattleboro* governs this case. The advertisers whose advertisements appeared in the Arrow catalogue had the authority to approve or disapprove the use of their material and the form in which it appeared. They paid plaintiff for the costs of preparing the material and paid for the publication through advertising allowances to Arrow.

Plaintiff seeks to distinguish the present case from *Brattleboro* and also from our earlier case of Yardley v. Houghton Mifflin Co., 108 F.2d 28 (2d Cir. 1939), cert. denied, 309 U.S. 686, 60 S.Ct. 891, 84 L.Ed. 1029 (1940), on the ground that the allegedly infringing material in those two cases was "created" only after the contract of hire was entered into where here "a portion of" the advertising material was prepared before the plaintiff entered into its agreement with Arrow. Since *Brattleboro* holds that the advertisers themselves retained the right to republish the advertisements, the attempted distinction wholly fails. We also attach no significance to the other point of supposed distinction advanced by plaintiff, absence of "privity" between the defendant and Arrow and the existence of such "privity" between the advertisers and the defendants in *Brattleboro* and *Yardley*.

We do not intend by our reliance on *Brattleboro* to rule out the possibility, for which defendant also argues, that plaintiff's production of the catalogue was work done for hire for Arrow. Whichever of the two theories might be applied in a case involving a choice between them, it is quite clear in the present case that the plaintiff has no lawful ground under either theory for recovery based on infringement of its copyright.

Judgment affirmed.