**FOREIGN CAR PARTS, INC. OF NEW ENGLAND, Plaintiff,**

v.

**AUTO WORLD, INC., Defendant.**

Civ. No. 73–406.

United States District Court, M. D. Pennsylvania.

Dec. 6, 1973.

Hugh J. McMenamin, Scranton, Pa., W. Hugo Liepmann, Boston, Mass., for plaintiff.

Roger Mattes, Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

Before the Court is Plaintiff's motion for partial summary judgment in this copyright infringement action. The parties have filed affidavits and exhibits in support of their positions, and the issues have been argued before the Court. I have concluded that there is no genuine issue as to any material fact and that the liability issue and Plaintiff's request for injunctive relief can be resolved by this motion.

The Plaintiff is an importer and distributor of automobile parts and accessories, including Carello lamps and lighting equipment. Defendant is a retailer by mail-order catalog of a wide spectrum of automotive merchandise. The Plaintiff prepared two brochures promoting Carello products, entitled "CARELLO" and "CARELLO Driving, Fog, and Headlamps," and secured federal copyright registrations for each of the brochures. The Defendant used certain photographs, diagrams and text from the brochures and reproduced them on three pages of Defendant's catalog, "Auto World's 1973 Motor Sports, 4th Edition." Defendant does not contest Plaintiff's registration of the copyrights, or Defendant's copying certain portions of the brochures. Rather, it contests the validity of the copyright and raises affirmative defenses to this infringement action.

■ Defendant questions the originality of the material in Plaintiff's brochures, and asks this Court to take judicial notice of the fact that manufacturers usually provide their distributors with promotional materials. The inference, apparently, is that the manufacturer of the Carello products supplied Plaintiff with the photographs and artwork which Plaintiff inserted in its brochures. The Court declines to take judicial notice of this alleged fact. While publications which do not contain original material may not be susceptible to copyright, Best Medium Publishing Co. v. The National Insider, Inc., 385 F.2d 384 (7th Cir. 1967), the certificate of copyright registration, in the absence of contradictory evidence, makes out a prima facie case of originality and copyright validity. 17 U.S.C. § 209. See Remick Music Corp. v. Interstate Hotel Co. of Nebraska, 58 F.Supp. 523 (D.C. Neb.1944), aff'd 157 F.2d 744, (8th Cir. 1946), cert. denied 329 U.S. 809, 67 S.Ct. 622, 91 L.Ed. 691. Defendant has presented no evidence, by affidavit or otherwise, tending to prove that the material in the brochures is not Plaintiff's original work. Plaintiff's certificate of copyright registration is controlling on the issue of originality.

■ In its brief, Defendant contends that Plaintiff offered "tie-in" sales and claims that this anti-trust violation is a defense to the copyright infringement suit. It is doubtful that an anti-trust violation creates a defense in a copyright infringement action. See Harms, Inc. v. Sansom House Enterprises, Inc., 162 F.Supp. 129 (E.D.Pa.1958), and cases cited therein. In any event, Defendant has provided absolutely no factual substantiation of this allegation, and the Court decides the issue in favor of Plaintiff.

■ Attached to the affidavit of Joseph C. Wilkie, submitted by Defendant, are six copies of selected promotional materials, without copyright notice, sent to Defendant by Plaintiff. The artwork and photographs in this material were also a part of the copyrighted brochures. Defendant contends that distributing this promotional material without copyright notices constituted a publication and dedication of the material to the public domain. The Plaintiff mailed the promotional material to approximately 150 auto parts distributors for the purpose of selling its product and its copyrighted brochures through them. Soliciting business through sam-

ples of copyrighted work does not amount to publication of the work. See Hub Floral Corporation v. Royal Brass Corporation, 454 F.2d 1226 (2d Cir. 1972). Furthermore, only one page, page 54, of Defendant's catalog contains photographs which were contained in the promotional material without copyright notice, as well as in the copyrighted brochure.[1] Defendant took the photographs on that page out of the brochure, not from the promotional material. Even if Plaintiff's distribution of the promotional materials were considered a dedication to the public domain, the copyrighted portions of the brochures which were not so dedicated would still be protected from infringement.

▮▮ Defendant contends, as it did in its earlier motion for summary judgment, that it possessed a license to copy the copyrighted material. In denying Defendant's earlier motion, the Court stated in its Order of August 24, 1973:

> "In support of its position, Defendant points to a series of letters from Plaintiff, concerning the marketing of Carello products together with various promotional aids, including the two brochures in question. Nowhere in the letters is there a specific license to reprint the copyrighted material. In fact, a December 1, 1972 letter from the Plaintiff states in part:

> 'Your request for information for your Spring catalogue cannot be complied with        °

> \*   \*   \*   \*   \*   \*

> 'We are enclosing a copy of our latest copyrighted brochure and price list, portions of which could be used for your upcoming catalogue *should we come to terms*.' (Emphasis added)

> "On the facts before me at this time, I cannot say that Defendant has shown that it used the copyrighted

material under a license, express or implied, from the Plaintiff."

Defendant has not furnished any additional facts which would change the Court's conclusion. Defendant contends that other letters from Plaintiff to Defendant which refer to Defendant as a "distributor" give rise to an importer-distributor relationship, and therefore, a coming to "terms" within the meaning of the December 1, 1972 letter. The Court cannot accept this argument. While I realize that there need be no explicit declaration of intent in order to find a license, cf. United States v. Societe Anonyme des Anciens Etablissements Cail, 224 U.S. 309, 32 S.Ct. 479, 56 L.Ed. 778 (1912), the conduct of the Plaintiff in this case indicates that it specifically withheld from Defendant permission to use the brochures. The mere fact that Plaintiff might have considered the Defendant as a distributor of its product does not imply that Defendant was licensed to use the copyrighted material.

▮ The last issue raised by Defendant concerns the propriety of the copyright notice on the brochures. The copyright statute, 17 U.S.C. § 20, provides in pertinent part:

> "The notice of copyright shall be applied, in the case of a book or other printed publication, upon its title page or the page immediately following
> .   .   .."

The provisions of this statute apparently were intended to be applicable to bound, or at least separately paginated works. Each of the brochures in question is an unbound, folded piece of rectangular paper with artwork and writing on both sides. The brochure entitled "CARELLO" is folded into thirds, making a total of six pages. The brochure entitled "CARELLO Driving, Fog, and Headlamps" is folded into fourths, and consists of eight pages. In the absence of statutory language specifically applica-

---

1. Because the brochure from which that photograph was lifted had a defective copyright notice, the Court has concluded, *infra,* that the copying of those photographs did not constitute a copyright infringement.

ble to such folded material, the language quoted above applies to these brochures since they must be considered as "other printed publication[s]."

Since only one page in each of the brochures bears the full title, that page is the "title page." Neal v. Thomas Organ Co., 325 F.2d 978 (9th Cir. 1963), cert. denied, 379 U.S. 828, 85 S. Ct. 55, 13 L.Ed.2d 37; Kraft v. Cohen, 32 F.Supp. 821 (E.D.Pa.1940), rev'd on other grounds, 117 F.2d 579 (3d Cir. 1941). In both instances, the title page is the first outside page of the brochure when properly folded. Upon opening the "CARELLO" brochure, the notice of copyright appears on the left inside page, or the reverse side of the title page. This is clearly "the page immediately following" the title page in compliance with 17 U.S.C. § 20. However, upon opening the brochure entitled "CARELLO Driving, Fog and Headlamps," the notice of copyright appears on the right inside page. This is not the page immediately following the title page, and under the law of this circuit, renders the notice of copyright improper. Kraft v. Cohen, 32 F.Supp. 821 (E. D.Pa.1940), rev'd on other grounds, 117 F.2d 579 (3d Cir. 1941). Contra, Neal v. Thomas Organ Co., 325 F.2d 978 (9th Cir. 1963), cert. denied, 379 U.S. 828, 85 S.Ct. 55, 13 L.Ed.2d 37. "Publication without the proper notice is ineffective to secure to the publisher a copyright." Kraft v. Cohen, 117 F.2d 579, 580 (3d Cir. 1940).

The Court concludes that Defendant infringed Plaintiff's copyright by copying and publishing photographs and artwork from the "CARELLO" brochure. The copied material appears in the upper portion of page 56 of Defendant's catalog, "Auto World's 1973 Motor Sports, 4th Edition." The Court further concludes that Defendant did not infringe a valid copyright by copying material from Plaintiff's brochure, "CARELLO Driving, Fog, and Headlamps." This copied material appears at pages 54 and 55, and the lower portion of page 56, of Defendant's catalog. Additionally, Plaintiff has submitted proof that Defendant published a "flyer" entitled "Auto World, What's New." On page 11 of the flyer appears material copied from both "CARELLO" (upper portion of page), and from "CARELLO Driving, Fog, and Headlamps" (lower portion of page). The copying of the material from "CARELLO" similarly constitutes an infringement of Plaintiff's valid copyright on that brochure.

The Plaintiff is entitled to an injunction against further infringement of its copyright on "CARELLO". The infringing material in Defendant's catalog and flyer make up only a small portion of those publications. Therefore, in lieu of destruction of the infringing publications, 17 U.S.C. § 101(d), Defendant will be ordered to remove or otherwise completely block out the infringing material in catalogs and flyers in Defendant's possession or control. Perkins Marine Lamp and Hardware Co. v. Goodwin Stanley Co., 86 F.Supp. 630 (E.D.N.Y.1949). Defendant will also be ordered to deliver up on oath for destruction all plates, molds, and matrices for making such infringing copy, if any.

The award of damages and other relief to which the Plaintiff may be entitled will be considered at the hearing in this case scheduled for January 14, 1974, or as soon thereafter as the case may be reached.

An appropriate order will be entered.