**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHILIP CONDON FISHER,

      Plaintiff-Appellant,

v.

UNITED FEATURE SYNDICATE, INC., a Scripps Howard company; DENVER PUBLISHING COMPANY; E.W. SCRIPPS COMPANY; CHARLES SCHULTZ; LEE MENDELSON, Producer; BILL MELENDEZ; BARR ARTHUR PRODUCTIONS, INC.; WHOLESALE WAREHOUSING OF CANADA; CBS, INC.; NEWS AMERICA PUBLISHING, INC.; KELLOGG COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; CAPITAL CITIES/ABC, INC.; TCI OF COLORADO; GENERAL ELECTRIC COMPANY; TURNER BROADCASTING SYSTEM, INC.; UNIVERSAL PRESS SYNDICATE, INC.; SEARS, ROEBUCK AND COMPANY; MONTGOMERY WARD & COMPANY; KACEY FINE FURNITURE; SOUNDTRACK; FINGERHUT CORPORATION; BEST BUY COMPANY; TYSON FOODS, INC.; WALT DISNEY COMPANY; ADVANCE PUBLICATIONS INCORPORATED; S.I. HOLDINGS

No. 99-1162
(D.C. No. 96-D-1895)
(D. Colo.)

INC.; THOMSON CONSUMER
ELECTRONICS,

               Defendants-Appellees,

    and

KARTES VIDEO
COMMUNICATIONS; CYCLONE
INCORPORATED; KING
FEATURES SYNDICATE, INC.;
COWLES SYNDICATE, INC.,

               Defendants.

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore,

plaintiff's request for oral argument is denied and the case is ordered submitted

without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Philip Condon Fisher, appearing pro se, brought this action against defendants, claiming that defendants had infringed copyrights Fisher held in a comic strip character named "Chipper" and a comic strip named "Langsyne." After considering Fisher's many objections, the district court affirmed and adopted the magistrate judge's recommendation that defendants' various motions to dismiss be granted and that Fisher's motions for summary judgment be denied. *See Fisher v. United Feature Syndicate, Inc.*, 37 F. Supp. 2d 1213 (D. Colo. 1999).

Fisher appeals, claiming that the district court erred (1) in dismissing his claims that United Feature Syndicate's 1974 feature "It's A Mystery Charlie Brown," starring "Snoopy" as a Sherlock Holmes-type detective dog infringed his copyrights; (2) in dismissing his claims that Metropolitan Life Insurance Company's television advertisements starring "Snoopy" as a Sherlock Holmes-type detective dog infringed his copyrights; (3) in dismissing his claims against several defendants owned by RCA (the RCA defendants) for copyright infringement; (4) in dismissing his claims that defendant Tyson Foods infringed his copyright by use of its "CHICK'N CHIPPERS" label on one of its chicken products; (5) in dismissing his claims that defendant Universal Press Syndicate's "For Better Or For Worse" comic strip plagiarized his copyrighted "Langsyne" comic strip; and (6) in dismissing his claim that United Feature Syndicate

infringed his copyright in its comic strip "DRABBLE."[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and, following a careful review of this case, we affirm.

We review de novo the sufficiency of a complaint to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted. *See Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997). Accepting any well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff, the district court may appropriately dismiss a complaint only when it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997). We construe Fisher's pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[1] Fisher filed a mostly unintelligible 128-page, 300-paragraph, 43-claim complaint against forty-one defendants seeking over $3 billion in damages. Fisher filed two large boxes of exhibits with his complaint which were not served on defendants. In an amended complaint, he incorporated the exhibits by reference, but still failed to serve defendants with the exhibits. Following an unsuccessful appeal of the district court's order requiring service of the exhibits, the court granted the defendants' motions to quash service based on Fisher's failure to serve all defendants with copies of the exhibits. Although it is unclear as to whether Fisher ever properly served defendants with the exhibits, the magistrate judge addressed the merits of Fisher's claims because the defendants addressed the merits in their various motions to dismiss. *See Fisher*, 37 F. Supp. 2d at 1222 and n.2.

# I. Copyright Infringement

"In order to prevail on [his] copyright infringement claim, [p]laintiff must establish both: (1) that [he] possesses a valid copyright and (2) that [d]efendants 'copied' protectable elements of the copyrighted work." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Initially, our inquiry here focuses on whether, as a factual matter, defendants copied Fisher's comic strip. *See id.* Second, we must determine, as a mixed issue of fact and law, if the copied elements of Fisher's work, if any, were protectable under his copyright. *See id.* The Copyright Act provides that copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). "One of the fundamentals of copyright law is that a copyright does not protect an idea, but only the expression of the idea." *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1491 (10th Cir. 1993). Fisher can prove copying either directly, or indirectly by establishing that defendants "had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material." *Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1284.

In making a determination of whether defendants' work is substantially similar to the protected elements of Fisher's work, this circuit applies an "'abstraction-filtration-comparison'" test, requiring that we (1) "separate the ideas (and basic utilitarian functions), which are not protectable, from the particular expression of the work[;]" (2) "filter out the nonprotectable components of the product from the original expression[;]" and (3) "compare the remaining protected elements to the allegedly copied work to determine if the two works are substantially similar." [2] *Id.* at 1284-85; *see also Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 834-42 (10th Cir. 1993). In determining whether the two works are substantially similar, the court inquires "'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible [sic] expression by taking material of substance and value.'" *Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1288. (quoting *Atari, Inc. v. North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)).

---

[2] We reject, as did the district court, Fisher's urging that we abandon the abstraction-filtration-comparison test in favor of a "parallel column analysis" which purports to show by means of comparison of parts and portions of Fisher's comic strip and defendants various depictions, the similarity between the two.

## A. "Snoopy" v. "Chipper"

In his complaint, Fisher alleged that United Feature Syndicate, Inc. Charles Schultz, and various other individuals and entities associated with the "Peanuts" comic strip character, "Snoopy," and the story "It's A Mystery Charlie Brown," infringed his copyrights by depicting "Snoopy" in the role of a detective clad in a Sherlock Holmes hat and cape with a large horn pipe and magnifying glass. Fisher alleged that this depiction infringed his copyrighted comic strip portraying a "cowardly" detective dog named "Chipper." Fisher also claimed that a television commercial for Metropolitan Life Insurance Company using "Snoopy" in his Sherlock Holmes role infringed on his "Chipper" copyrights. Both claims are without merit.

In affirming the magistrate judge's dismissal recommendation on this claim, the district court rejected Fisher's contention that because both "Snoopy" and "Chipper" were portrayed as "cowardly detective dog[s]," the two were "substantially similar." *Fisher*, 37 F. Supp. 2d at 1218. The court concluded that Fisher relied exclusively on the cowardly detective dog similarity and did not satisfy the "abstraction-filtration-comparison" test under the reasonable observer standard. *See id.* at 1219. We agree.

As defendants point out in their brief, "Snoopy" was on the scene in 1950, more than twenty years before Fisher copyrighted his "Chipper" character in

1974. *See* Appellees' Jt. Br. at 12. Defendants also noted that during those twenty years "Snoopy" was depicted in numerous roles, including a 1962 "Peanuts" episode, submitted as an exhibit by Fisher, depicting "Snoopy" dressed in a Sherlock Holmes hat and pipe. *See id.* at 12 n.5. Defendants also contend that while Fisher portrays "Chipper" as a "humanized" dog, *see id.* at 20, "Snoopy" is, and always has been, depicted as a dog, "Charlie Brown's" pet, *see id.* at 12. Fisher alleges that "Snoopy's" depiction as "cowardly" in "It's A Mystery, Charlie Brown," was a departure from his usual depiction as heroic, and was therefore, evidence of copying. Defendants' respond, and we agree, that while the "Snoopy" detective character has been depicted as running away if startled, he has always been depicted as a character with "bravado" and has never been depicted as either particularly heroic or cowardly.

Here, it is undisputed that Fisher holds a valid copyright on his "Chipper" comic strip character. *See Feist Pubs. Inc.*, 499 U.S. at 361. However, we agree with the district court that Fisher failed to establish sufficient similarities between his "Chipper" comic strip and the detective dog portrayed by "Snoopy" in "It's A Mystery Charlie Brown" to support his claim that defendants copied his work. *See Gates Rubber Co.*, 9 F.3d at 832. Moreover, even if we were to assume that defendants copied portions of Fisher's work, we cannot conclude that those

-8-

portions are "protected expression and of such importance to the copied work that the appropriation is actionable." *Id.*

Copyright protection is afforded only to original works. *See* 17 U.S.C. § 102(a); *Feist Pubs., Inc.*, 499 U.S. at 345 ("To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.") (citation omitted). Under the "*scenes a faire* doctrine," expressive elements of a work are not entitled to copyright protection if they "are standard, stock, or common to a particular topic, or . . . necessarily follow from a common theme or setting." *Gates Rubber Co.*, 9 F.3d at 838; *see also Autoskill*, 994 F.2d at 1494. Here the Sherlock Holmes treatment is an expression which is common to the detective idea, and "is lacking in the originality that is the *sine qua non* for copyright protection." *Gates Rubber Co.*, 9 F.3d at 838; *see also Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1374-75 (10th Cir. 1997) (noting that "the Irish cop" in "often-recurring themes of police fiction," are unprotected *scenes a faire*) (quotation omitted).

Likewise, Fisher's claim that the appearance of the misspellings of the legal terms "baratry" (barratry) and "repleven" (replevin), in the "It's a Mystery, Charlie Brown" book is prima facie evidence of infringement fails for the same

reason.  Fisher contends that these are copies of "clerical and typographical errors" proving piracy.  Appellant's Br. at 6.  If there was no other justification for the errors appearing in the book, they could, as Fisher contends, suggest copying.  *See Central Tele. Co. of Va. v. Johnson Pub. Co.*, 526 F. Supp. 838, 844 (D. Colo. 1981) (opining that the existence of common errors in two telephone directories was strong evidence of copying).  As defendants argue, however, these errors appear to be in line with the comic strip characters' proclivity for misuse and mispronunciation of legal terms in the Charlie Brown strip.  As such, they could be construed as an integral part of the humor or subject matter, a construction that would not give rise to a suggestion of copying.  *See Gates Rubber Co.*, 9 F.3d at 838.  Moreover, even if we were to consider the common errors to be some evidence of copying, this does not relieve Fisher of his burden of proving more substantial similarities between the works, a burden he did not meet.  *See Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1288.

The idea of a detective dog is an element which is not included in copyright protection.  *See* 17 U.S.C. § 102(b).  Moreover, an expression of that idea in a manner which is as common in the public domain as Sherlock Holmes falls under the *scenes a faire* doctrine, is not entitled to copyright protection, and "cannot serve as the basis for ultimate liability for copyright infringement,"  *Gates Rubber Co.* 9 F.3d at 832 n.7.

This same rationale applies equally to Fisher's contention that defendant Metropolitan Life Insurance Company infringed his copyright when they used "Snoopy" in his role as a detective dog in its televison commercials. Therefore, the district court's dismissal of these claims for failure to state a claim upon which relief may be granted was correct.

### B. "Chipper" the comic strip v. "Chipper" the puppy

Fisher claimed that newspaper and television advertisements for various RCA defendants featuring a picture of a puppy named "Chipper" infringed on his copyright to the name and label of his comic strip. In rejecting this argument, the district court concluded that Fisher had neither met his "burden of establishing access by showing that defendant had a reasonable opportunity to view or copy the allegedly infringed work," or shown substantial similarity. *Fisher*, 37 F. Supp. 2d at 1219. We agree, and affirm the district court on this claim for the reasons stated in its order. *See id.*

### C. "Chicken Chipper" v. "Chick 'n Chipper"

Next, Fisher asserts that the district court erred in dismissing his copyright infringement claim against defendant Tyson Foods. Fisher contends that defendant's use of the phrase "Chick 'N Chippers" on one of is food products is a copy of the phrase "Chicken Chipper" which Fisher used in his copyrighted comic strip. Again the district court found that Fisher failed to allege access,

*see Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1284, and failed to address this deficiency in his objections to the magistrate judge's recommendation. Fisher does not provide any more support on appeal. Therefore, we affirm the district court's dismissal of this claim for the reasons stated in its order. *See Fisher*, 37 F. Supp. 2d at 1220.

### D. "Langsyne" v. "For Better or For Worse"

In his fifth claim of error, Fisher contends that the district court erred in dismissing his claim against defendant Universal Press Syndicate, alleging that defendant's comic strip of November 15, 1992, "For Better or For Worse," infringed Fisher's copyright of his 1975 comic strip "Langsyne." This claim was dismissed by the district court as outside the applicable statute of limitations. *See Fisher*, 37 F. Supp.2d at 1222-23. On appeal, Fisher continues to argue the merits of his claim, while neglecting to address any error in the district court's finding that the claim was barred by the statute of limitations. We, therefore, affirm the district court's dismissal of this claim for the reasons stated in its order. *See id.*

### E. "Chipper" v. "Drabble"

Finally, Fisher contends that defendant United Feature Syndicate infringed his copyright in its October 10, 1993, comic strip "Drabble." In affirming the magistrate judge's recommendation that this claim be dismissed, the district court

agreed that Fisher continues to misunderstand the scope of copyright protection in his allegations that the appearance of similar ideas, words, and phrases in other comic strips proves copyright infringement. The court concluded that none of the alleged offending comic strips could be found to be substantially similar to Fisher's "Chipper" strip. *See id.* at 1220. We agree, and affirm the district court on this claim also.

## II. Conclusion

In conclusion, we affirm the district court's dismissal of Fisher's claims for the reasons stated above and for substantially the same reasons stated in the magistrate judge's recommendation and the district court's order, *Fisher*, 37 F. Supp. 2d 1213. Insofar as Fisher attempts to pose new arguments in his reply brief, this court does not consider issues not raised and argued in the opening brief. *See State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994); *Codner v. United States*, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994).

Fisher's motion to strike portions of appellees' joint answer brief is DENIED. Defendant Tyson Foods' motion to strike "addendum I" to appellant's

reply brief is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge