**Filed 4/25/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

DARRYL STEPHEN MARTIN-EL, and the
Adherents of Moorish Science Temple of
America, Inc., and all inmates adherents in
and throughout all of the Department of
Corrections in the state of Colorado,

Plaintiff - Appellant,

v.

ARI ZAVARAS, Director of Department of
Colorado Corrections; WILLIAM S. PRICE,
Warden of the Arkansas Valley Department
of Corrections; NARD ROBINNETTE,
Programs Manager for the Department of
Corrections in Arkansas Valley Department
of Corrections; AL MCGRATH, Law
Librarian for the Department of Corrections
in Arkansas Valley Department of
Corrections; all defendants being sued in their
individual capacities, all defendants live and
work in Crowley, Co 81034 Corrections,

Defendants - Appellees.

No. 95-1402

(D. Colorado)

(D.C. No. 93-K-2203)

---

## ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Darryl Martin-El appeals the district court's denial of his motion for a preliminary injunction or temporary restraining order requiring the defendants to return a fez[1] and religious oils which they allegedly confiscated from him, and which he alleges are necessary to his First Amendment right of free exercise of religion as a member of the Moorish Science Temple of America, Inc.[2]

———————————

[1]In documents below, the defendants describe the confiscated fez as red, and the magistrate judge's recommendation took that description into account. In his brief to us, Martin-El argues that his fez was maroon, not red. However, he failed to make this argument in a comprehensible fashion or to properly submit it as a fact below. Thus, his ambiguous statement in his objection to the magistrate judge's recommendation, that "colors of Maroon or red were interchangeable," R. Vol. I, Tab 75 at ¶ 26, fails to create a dispute of fact.

[2]Martin-El has submitted to us various original exhibits and copies of others, indicating that they are identical to exhibits which he submitted to the district court, and asking us to return the originals. Although the magistrate judge's first recommendation refers to numerous exhibits submitted by Martin-El, it appears that those exhibits were returned to Martin-El after the court's initial review and consideration. See R. Vol. I, Tab 72 and Tab 74 (docket entry). However, as Martin-El did not designate Tab 74 as part of the record to be forwarded on appeal, it is impossible to determine whether the items submitted to us are in fact identical to those submitted below. Thus, we must construe his
(continued...)

To obtain a preliminary injunction, Martin-El was required to show a substantial likelihood that he will succeed on the merits, and that he will suffer irreparable or immediate injury absent the injunction. Walmer v. United States Dep't of Defense, 52 F.3d 851, 854 (10th Cir.), cert. denied, 116 S. Ct. 474 (1995). After a thorough analysis, the magistrate judge concluded that Martin-El failed to show a substantial likelihood of success on the merits. R. Vol. I, Tab 83. Adopting that conclusion, the district court issued an order denying the motion. Id., Tab 89.

"We review the district court's denial of Plaintiff's application for a preliminary injunction to determine if the district court 'abuse[d] its discretion, commit[ted] an error of law, or [wa]s clearly erroneous in its preliminary factual findings.'" Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996) (quoting Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir.), cert. denied, 114 S. Ct. 307 (1993)).

---

[2](...continued)
submission as a motion to supplement the record, subject to the general rule excluding materials which were not part of the district court record. See Martinez v. Mafchir, 35 F.3d 1486, 1492 n. 6 (10th Cir. 1994). However, in this instance, none of the submitted documents affect the correctness of the decision appealed; the defendants have not opposed their submission; and, in any event, Martin-El would be free to resubmit these documents during the continuation of his case on the merits below. Therefore, we grant the motion to supplement the record. See id.

Having reviewed the magistrate's recommendation as adopted by the district court's order, we affirm the denial of the preliminary injunction for substantially the same reasons.[3]

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3]Martin-El has filed a motion requesting sanctions against the appellees for their failure to file a responsive brief, pursuant to Tenth Circuit Rules 46.6.1 and 46.6.3, and Fed. R. App. P. 47(b). The cited circuit rules provide for disciplining parties whose conduct unreasonably increases the cost of litigation and for disciplining attorneys who inadequately represent their clients. Given the clarity of the magistrate judge's recommendation, the appellees' apparent decision to rely on the record, rather than to repeat their previous arguments in a separate brief, does not violate either rule. Accordingly, we deny Martin-El's motion.