**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NATIONAL CORRECTIVE
TRAINING INSTITUTE, INC., a
foreign corporation, doing business as
National Curriculum and Training
Institute,

        Plaintiff-Counter-
        Defendant-Appellee,

v.

GEORGE NELSON, an individual;
CLIME INTERNATIONAL, INC., a
Utah corporation; MITCHELL
VORON, doing business as Positive
Solutions Associates, also known as
P.S.I., also known as P.S.A.,

        Defendants-Counter-
        Claimants-Appellants.

No. 98-4058
(D.C. No. 95-CV-1095-C)
(D. Utah)

---

ORDER AND JUDGMENT [*]

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from the district court's denial of attorney's fees to defendants-appellants George Nelson, Clime International, Inc. (Clime), and Mitchell Voron, d/b/a Positive Solutions Associates. The court entered judgment for defendants, following a bench trial, on plaintiff-appellee National Corrective Training Institute, Inc. (NCTI)'s copyright infringement action. NCTI did not appeal the merits of the case. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's denial of attorney's fees for abuse of discretion. See 17 U.S.C. § 505 (court may award reasonable attorney's fees to prevailing party); Fogerty v. Fantasy, Inc., 510 U.S. 517, 524 n.11 (1994) ("[D]istrict courts are to use their discretion in awarding attorney's fees and costs to the prevailing party."). In Fogerty, the Court rejected the Ninth Circuit's dual standard of generally awarding attorney's fees in infringement suits to prevailing plaintiffs (while requiring prevailing defendants to show the original suit was frivolous or brought in bad faith) in favor of an "'evenhanded' approach in which

no distinction is made between prevailing plaintiffs and prevailing defendants." See id. at 520-21; 534. In addition, the Court rejected arguments for the British Rule (awarding attorney's fees to prevailing party as a matter of course, absent exceptional circumstances). "The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion [allowed by § 505]." Id. at 533.

The Fogerty Court agreed with the Third Circuit's use of several nonexclusive factors in considering attorney's fees awards, including "'frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (1986)." See 510 U.S. at 534 n.19. These "factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id. Here, in denying attorney's fees to defendants, the district court considered the Fogerty factors. See Appellant's App. Vol. III, at 534-35; 539-40.

The underlying infringement action was commenced by NCTI, seeking damages and injunctive relief for alleged infringement of NCTI's copyrights in

three works--Crossroads Adult Workbook (Crossroads), REAL Colors Personalty Typing System-Adult Card Set (REAL Colors), and Matrixx. [1] The Matrixx claim was dismissed, by stipulation, at trial. See Appellants' App. Vol. III at 516 n.1. Defendants [2] asserted that NCTI did not have valid copyrights in the Crossroads and REAL Colors or, alternatively, that Nelson is a co-owner of the copyrights and therefore could not have infringed on his own copyright interests. See id. at 517.

Following a bench trial, the district court entered judgment for defendants, finding that Nelson was the primary author of the alleged infringed works and that he had never conveyed or transferred the copyright interests he held in any works. The court concluded that as to Crossroads, NCTI had failed to establish by a preponderance of the evidence that Nelson had copied any protected components of Crossroads (as opposed to Nelson's own preexisting work) or

---

[1]     Matrixx and Colors are instruments used to assess and teach personality types or temperaments.    See Appellant's Br. at 2.    Crossroads is a cognitive skills workbook created for incarcerated adult felons for purposes of rehabilitation by helping them align or realign their behavior with their attitudes and values.        See id. at 4.

[2]     Nelson is president, sole employee, and owner of Clime.  Voron, doing business as Positive Solutions Associates, is the main distributor of Clime products.  Appellant's App. Vol. III at 517.  Nelson was first an independent contractor with NCTI, then an employee.      See id. at 518.  After terminating his employment with NCTI, Nelson continued his association with NCTI, briefly, again as an independent contractor.      See id. at 521-22.

work in the public domain. [3] The court further determined that REAL Colors was a joint work with the result that "authors of a joint work are coowners of copyright in the work." See 17 U.S.C. § 201(a). The court also rejected NCTI's claims that if Nelson had any copyright interests in these works, he had given up the right to rely on those copyright interests, either by waiver or estoppel. [4]

The issue of when Crossroads was created was hotly contested at trial. See Appellants' App. Vol. III at 519-20. The court found by a preponderance of the evidence that the first version of Crossroads was created while Nelson was an independent contractor before becoming an employee of NCTI. Although the parties disagreed about the amount of original content in the Crossroads work, the Court found that Crossroads "was created almost exclusively from the materials in Nelson's specialized [and preexisting] workbooks" and contained very little original material. See id. at 520.

The court also determined that the other work, REAL Colors, was a collaborative work created between Nelson and NCTI after Nelson had resigned his position with NCTI and was once again an independent contractor. See id. at

---

[3] The court assumed, apparently without deciding, that NCTI held a valid copyright in Crossroads.

[4] NCTI argued that it had obtained copyrights on these works (as both author and copyright claimant) and that Nelson had on some occasions signed certain documents, as director or shareholder of NCTI, which reflected either that Nelson did not have any right in NCTI's copyrights or that NCTI held all copyright interests.

522. However, there was some dispute as to who did which proportion of the work and even some testimony (disbelieved by the court) that Nelson was not involved in the creation of REAL Colors. See id. at 522-23.

Ultimately, NCTI's cause of action failed for want of proof. [5] NCTI failed to produce competent evidence demonstrating that its contribution to Crossroads was "original and distinct from Nelson's specialized workbooks." See id. at 528. Nor was it possible to determine how much original material appeared in the version of Crossroads NCTI claimed had been infringed because that version was not produced at trial. Because NCTI had failed to offer competent evidence under the abstraction-filtration comparison test, [6] the court determined there was a lack

---

[5] In order to prove copyright infringement, a plaintiff must show both "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" See Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir. 1993) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

[6] The question of infringement turns on whether Nelson's product is substantially similar to the protectable elements of NCTI's product. The abstraction-filtration comparison test first separates the ideas and basic utilitarian functions, which are not protectable, from the work's particular expression. The nonprotectable components of the product are then filtered out from the original expression. Finally, the remaining protected elements are compared to the allegedly copied work to determine if the two works are substantially similar. See Country Kids 'n City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1284-85 (10th Cir. 1996). "Ultimately, to prove factual copying, the plaintiff must come forward with sufficient evidence that a reasonable factfinder, taking together the evidence of access and the similarities between the [products], could find that the second work was copied from the first." Gates Rubber Co. v. Bando Chem. Indus., Ltd., 9 F.3d 823, 833 (10th Cir. 1993) (footnotes omitted).

of a preponderance of the evidence that Nelson had infringed the version of Crossroads in question.   See id. at 530.

The court further concluded that both NCTI and Nelson had intended for REAL Colors to be a joint work and that, "absent a proper conveyance, Nelson at least shares an undivided interest in the REAL Colors copyright with NCTI." See id. at 532.  Finally, the court found the doctrines of estoppel and waiver inapplicable.   See id. at 534.

In support of the request for attorney's fees, defendants claim NCTI's motivation in initiating the lawsuit was improper because of NCTI's president's willingness to pursue people "he thought would violate his rights and tie them up in court," See Appellants' App. Vol. V at 774-75, and because of inadequate investigation prior to the commencement of the action.  The court found, however, that "NCTI was motivated by a reasonable belief, albeit mistaken, that this action was appropriate and necessary to protect its copyright interests," Appellants' App. Vol. III at 535, and disagreed with defendants' contention that NCTI's primary objective was to "'impoverish its most capable competitor, George Nelson.'"   See id. (further citation omitted).

The court also determined that the action was neither objectively unreasonable nor frivolous, noting that NCTI was in fact the record holder of the copyrights at issue and that on numerous occasions defendant Nelson had

represented in written documents that NCTI owned the copyrights.    See id. at 540.

The court carefully considered the parties' arguments in determining that under

the facts of the case, equitable considerations require the parties to bear their own

costs and attorney's fees.

It should be noted that this cause was not decided on summary judgment

(except that summary judgment was granted on defendants' counterclaims), but

after a four-day bench trial.   [7]  Merely because defendants were ultimately

successful in defending against the infringement claim does not automatically

entitle them to attorney's fees.    See Fogerty , 510 U.S. at 534.  In sum, the district

court adequately considered the    Fogerty  factors.  Defendants have failed to

establish that the court abused its discretion in declining to award attorney's fees.

Accordingly, the district court's denial of defendants' request for attorney's

fees is AFFIRMED.

---

[7]    The court also noted that because NCTI's current owners may have relied
on Nelson's representations that NCTI was the sole owner of the copyrights in
Crossroads and REAL Colors that NCTI "might be able to state a claim for fraud,
breach of contract, or negligent representation" even though unable to state an
action under the copyright statute.    See Appellants' App. Vol. III at 534 n.7.

Entered for the Court


James E. Barrett
Senior Circuit Judge