**INTELLECTUAL RESERVE, INC.,**
**a Utah corporation, Plaintiff,**

v.

**UTAH LIGHTHOUSE MINISTRY,**
**INC., a Utah corporation, et**
**al., Defendants.**

No. 2:99–CV–808C.

United States District Court,
D. Utah,
Central Division.

Dec. 6, 1999.

Mr. Todd E Zenger, Kirton & McConkie, Salt Lake City, UT, for Plaintiff.

Brian M. Barnard, Utah Legal Clinic, Salt Lake City, UT, for Defendants.

CAMPBELL, District Judge.

This matter is before the court on plaintiff's motion for preliminary injunction. Plaintiff claims that unless a preliminary injunction issues, defendants will directly infringe and contribute to the infringement of its copyright in the *Church Handbook of Instructions* ("Handbook"). Defendants do not oppose a preliminary injunction, but argue that the scope of the injunction should be restricted to only prohibit direct infringement of plaintiff's copyright.

Having fully considered the arguments of counsel, the submissions of the parties and applicable legal authorities, the court grants plaintiff's motion for a preliminary injunction. However, the scope of the preliminary injunction is limited.

*Discussion*

The United States Copyright Act allows a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, in determining whether plaintiff is now entitled to the injunctive relief, the following factors are to be considered:

(1) substantial likelihood that the movant will eventually prevail on the merits: (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued,

would not be adverse to the public interest.

*Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1360 (10th Cir.1990) (quoting *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980)).

## I. Likelihood of Plaintiff Prevailing on the Merits

First, the court considers whether there is a substantial likelihood that plaintiff will eventually prevail on the merits. Plaintiff alleges that the defendants infringed its copyright directly by posting substantial portions of its copyrighted material on defendants' website, and also contributed to infringement of its copyright by inducing, causing or materially contributing to the infringing conduct of another. To determine the proper scope of the preliminary injunction, the court considers the likelihood that plaintiff will prevail on either or both of its claims.

### A. Direct Infringement

 To prevail on its claim of direct copyright infringement, "[p]laintiff must establish both: (1) that it possesses a valid copyright and (2) that [d]efendants 'copied' protectable elements of the copyrighted work." *Country Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1284 (10th Cir. 1996). Defendants initially conceded in a hearing, for purposes of the temporary restraining order and preliminary injunction, that plaintiff has a valid copyright in the Handbook, and that defendants directly infringed plaintiff's copyright by posting substantial portions of the copyrighted material.[1] Defendants changed their position, in a motion to dismiss, claiming that plaintiff has failed to allege facts necessary to show ownership of a valid copyright. De-

spite the defendants' newly-raised argument, the court finds, for purpose of this motion, that the plaintiff owns a valid copyright on the material defendants posted on their website. Plaintiff has provided evidence of a copyright registration certificate, (*see* Verified Compl., Ex. A), and the certificate "constitutes prima facie evidence of the validity of the copyright."[2] *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F.3d 823, 831 (10th Cir.1993). Defendants have not advanced any additional affirmative defenses to the claim of direct infringement. Therefore, the court finds that there is a substantial likelihood that plaintiff will prevail on its claim of direct infringement.

### B. Contributory Infringement

According to plaintiff, after the defendants were ordered to remove the Handbook from their website, the defendants began infringing plaintiff's copyright by inducing, causing, or materially contributing to the infringing conduct of others. It is undisputed that defendants placed a notice on their website that the Handbook was online, and gave three website addresses of websites containing the material defendants were ordered to remove from their website. Defendants also posted e-mails on their website that encouraged browsing[3] those websites, printing copies of the Handbook and sending the Handbook to others.

Although the copyright statute does not expressly impose liability for contributory infringement,

> [t]he absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties

---

1. By so doing, defendants did not admit fault or liability. (*See* Consent to Extension of Temporary Order and Response, at 1.)

2. This issue will be fully explored when the court decides the motion to dismiss.

3. The term browse, as used in this order, means to call up or open a website onto a computer screen.

who have not themselves engaged in the infringing activity. For vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one accountable for the actions of another.

*Sony Corp. v. Universal City Studios, Inc.,* 464 U.S. 417, 435, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) (footnote omitted). Even though " 'the lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn' " distinctions can be made between them. *Id.* at n. 17 (quoting *Universal City Studios, Inc. v. Sony Corp.,* 480 F.Supp. 429, 457–58 (C.D.Cal.1979)). Vicarious liability is grounded in the tort concept of respondeat superior, and contributory infringement is founded in the tort concept of enterprise liability. *See Demetriades v. Kaufmann,* 690 F.Supp. 289, 292 (S.D.N.Y. 1988). "[B]enefit and control are the signposts of vicarious liability, [whereas] knowledge and participation [are] the touchstones of contributory infringement." *Id.* at 293.

■ Liability for contributory infringement is imposed when "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgt., Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971). Thus, to prevail on its claim of contributory infringement, plaintiff must first be able to establish that the conduct defendants allegedly aided or encouraged could amount to infringement. *See Subafilms, Ltd. v. MGM–Pathe Comms. Co.,* 24 F.3d 1088, 1092 (9th Cir.1994). Defendants argue that they have not contributed to copyright infringement by those who posted the Handbook on websites nor by those who browsed the websites on their computers.

4. Defendants also have stated that they believe the three websites contain the material which plaintiff alleges is copyrighted. (*See*

1. *Can the Defendants Be Liable Under a Theory of Contributory Infringement for the Actions of Those Who Posted the Handbook on the Three Websites?*

a. *Did those who posted the Handbook on the websites infringe plaintiff's copyright?*

During a hearing on the motion to vacate the temporary restraining order, defendants accepted plaintiff's proffer that the three websites contain the material which plaintiff alleges is copyrighted.[4] Therefore, plaintiff at trial is likely to establish that those who have posted the material on the three websites are directly infringing plaintiff's copyright.

b. *Did the defendants induce, cause or materially contribute to the infringement?*

■ The evidence now before the court indicates that there is no direct relationship between the defendants and the people who operate the three websites. The defendants did not provide the website operators with the plaintiff's copyrighted material, nor are the defendants receiving any kind of compensation from them. The only connection between the defendants and those who operate the three websites appears to be the information defendants have posted on their website concerning the infringing sites. Based on this scant evidence, the court concludes that plaintiff has not shown that defendants contributed to the infringing action of those who operate the infringing websites.

2. *Can the Defendants Be Liable Under a Theory of Contributory Infringement for the Actions of Those Who Browse the Three Infringing Websites?*

■ Defendants make two arguments in support of their position that the activities

Memo. Re: Contributory Infringement, at 9 n. 6.)

of those who browse the three websites do not make them liable under a theory of contributory infringement. First, defendants contend that those who browse the infringing websites are not themselves infringing plaintiff's copyright; and second, even if those who browse the websites are infringers, defendants have not materially contributed to the infringing conduct.

a. *Do those who browse the websites infringe plaintiff's copyright?*

The first question, then, is whether those who browse any of the three infringing websites are infringing plaintiff's copyright. Central to this inquiry is whether the persons browsing are merely viewing the Handbook (which is not a copyright infringement), or whether they are making a copy of the Handbook (which is a copyright infringement). *See* 17 U.S.C. § 106.

"Copy" is defined in the Copyright Act as: "material objects ... in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 101. "A work is 'fixed' ... when its ... sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.*

When a person browses a website, and by so doing displays the Handbook, a copy of the Handbook is made in the computer's random access memory (RAM), to permit

viewing of the material. And in making a copy, even a temporary one, the person who browsed infringes the copyright.[5] *See MAI Systems Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 518 (9th Cir.1993) (holding that when material is transferred to a computer's RAM, copying has occurred; in the absence of ownership of the copyright or express permission by licence, such an act constitutes copyright infringement); *Marobie–Fl., Inc. v. National Ass'n of Fire Equip. Distrib.,* 983 F.Supp. 1167, 1179 (N.D.Ill.1997) (noting that liability for copyright infringement is with the persons who cause the display or distribution of the infringing material onto their computer); *see also* Nimmer on Copyright § 8.08(A)(1) (stating that the infringing act of copying may occur from "loading the copyrighted material ... into the computer's random access memory (RAM)"). Additionally, a person making a printout or re-posting a copy of the Handbook on another website would infringe plaintiff's copyright.

b. *Did the defendants induce, cause or materially contribute to the infringement?*

The court now considers whether the defendants' actions contributed to the infringement of plaintiff's copyright by those who browse the three websites.

The following evidence establishes that defendants have actively encouraged the infringement of plaintiff's copyright[6] After being ordered to remove the Handbook from their website, defendants posted on

---

5. Although this seems harsh, the Copyright Act has provided a safeguard for innocent infringers. Where the infringer "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages...." 17 U.S.C. § 504(c)(2).

6. Plaintiff at this point has been unable to specifically identify persons who have infringed its copyright because they were induced or assisted by defendants' conduct, however,

there is a substantial likelihood that plaintiff will be able to do so after conducting discovery. There is evidence that at least one of the websites has seen a great increase in "hits" recently. (*See* Pl.'s Reply Supp.Mot.Prelim.Inj., Ex. 5.) Also, plaintiff does not have to establish that the defendants' actions are the sole cause of another's infringement; rather plaintiff may prevail by establishing that defendants' conduct induces or materially contributes to the infringing conduct of another.

their website: "Church Handbook of Instructions is back online!" and listed the three website addresses. (*See* Pl.'s Reply Supp.Mot.Prelim.Inj., Ex. 1; Memo. Re: Contributory Infringement, at 9 n. 6.) Defendants also posted e-mail suggesting that the lawsuit against defendants would be affected by people logging onto one of the websites and downloading the complete handbook. (*See id.,* Ex. 2.) One of the e-mails posted by the defendants mentioned sending a copy of the copyrighted material to the media. (*See id.*) In response to an e-mail stating that the sender had unsuccessfully tried to browse a website that contained the Handbook, defendants gave further instruction on how to browse the material. (*See id.*) At least one of the three websites encourages the copying and posting of copies of the allegedly infringing material on other websites. (*See id.,* Ex. 4 ("Please mirror these files.... It will be a LOT quicker for you to download the compressed version ... Needless to say, we need a LOT of mirror sites, as absolutely soon as possible.").)

Based on the above, the court finds that the first element necessary for injunctive relief is satisfied.

## II. *Irreparable Injury*

■ Because this is a copyright infringement case and plaintiff has demonstrated a likelihood of success on the merits, there is a presumption of injury. *See Country Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1288–89 (10th Cir.1996). In addition, plaintiff will suffer additional immediate and real irreparable harm if defendants are permitted to post the copyrighted material or to knowingly induce, cause or materially contribute to the infringement of plaintiff's copyright by others.

## III. *Harm to Defendants*

■ Defendants argue that their First Amendment rights will be infringed by a preliminary injunction. However, the First Amendment does not give defendants the right to infringe on legally recognized rights under the copyright law. *See Cable/Home Comm. Corp. v. Network Productions, Inc.,* 902 F.2d 829, 849 (11th Cir.1990). "[C]opyright interests [ ] must be guarded under the Constitution, and injunctive relief is a common judicial response to infringement of a valid copyright." *Id.* The court, in fashioning the scope of injunctive relief, is aware of and will protect the defendants' First Amendment rights.

## IV. *The Public Interest*

Finally, it is in the public's interest to protect the copyright laws and the interests of copyright holders.

### *Order*

Therefore, for the reasons stated, the court orders the following preliminary injunction:

1. Defendants, their agents and those under their control, shall remove from and not post on defendants' website the material alleged to infringe plaintiff's copyright;

2. Defendants, their agents and those under their control, shall not reproduce or distribute verbatim, in a tangible medium, material alleged to infringe plaintiff's copyright;

3. Defendants, their agents and those under their control, shall remove from and not post on defendants' website, addresses to websites that defendants know, or have reason to know, contain the material alleged to infringe plaintiff's copyright;

Defendants have not requested that a security be obtained from plaintiff. If defendants consider a security to be appropriate in this case, defendants shall file a motion and memorandum within twenty days from this date. Plaintiff shall then have fifteen days after service to respond.

A reply memorandum may be filed by defendants within seven days after service.